Lon A. Jenkins (4060)
Tami Gadd-Willardson (12517)
Ryan C. Cadwallader (13661)
Brian J. Porter (14291)
OFFICE CHAPTER 13 TRUSTEE
405 South Main St., Suite 600
Salt Lake City, UT 84111
Telephone:  (801) 596-2884
Facsimile:  (801) 596-2898
Email: trusteemail@ch13ut.org

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| In re: | Case No. 16-22189 |
|---|---|
| CURTIS J. BRIMLEY | Chapter 13 |
| Debtor. | Hon. William T. Thurman |
|  | (*Confirmation Hearing: June 07, 2016*) |

## CHAPTER 13 TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE UNDER §§109(g) AND 362(d)(4)

Lon A. Jenkins, Chapter 13 Trustee, by and through counsel, hereby moves for an order of dismissal with prejudice under §§1307(c) and 362(d)(4) to prevent future abuse of the bankruptcy by the Debtor's serial filings. In support thereof, the Trustee represents as follows:

### FACTS

1. The Debtor (hereinafer at times referred to as "Mr. Brimley") filed for relief under Chapter 13 on March 21, 2016.

2. The Debtor resides at 1388 Skyscape Way, South Jordan Utah, 84095.

3. The Debtor filed his case without the accompanying schedules. All documents were to be filed by April 4, 2016.

4. The Debtor did not timely file the statements and schedules in this case.

   a. The Debtor failed to timely file the Form 122C-1 and/or Form 122C-2, as required by §521(a)(1)(B), Fed. R. Bankr. P. 1007(b)-(c), and Local Rule 5005-1(b).

   b. Payment advices or other evidence of payment received within 60 days before the petition date as required by 11 U.S.C. § 521(a)(1)(B)(iv); Bankr. Rule 1007(b)(1)(E);

   c. The Statement of Financial Affairs and/or Bankruptcy Schedules A - J (see § 1321; 521(a)(1)(B)(i)-(iii); and Bankr. Rule 1007(a)(2)).

   d. A Chapter 13 Plan using the mandatory Model Plan form (see § 1321; Bankr. Rule 3015(b); Local Rule 2083-1(a)); and Appendix G to the Local Rules).

5. The Debtor filed an order extending the time to file statements and schedules, which was entered on April 6, 2016. The Debtor's 341 examination was subsequently rescheduled. [Docket 19].

6. It appears that the missing documents required at petition have now been filed.

7. The Debtor's plan has not yet been confirmed as the Confirmation Hearing was continued to allow for a rescheduled 341 examination. [Docket 19].

8. This is the Debtor's sixth Bankruptcy case. Each prior case either dismissed immediately after filing, or after the Debtor failed to timely make plan payments.

| Case No. | Date Filed | Chapter | State of Filing | Date Dismissed | Reason Dismissed | Payments | Arrears on Real Property |
|---|---|---|---|---|---|---|---|
| 11-21562 | 2/10/2011 | 13 | Utah | 3/15/2011 | Failure to Pay Filing Fee | 0 | Unknown, no claims or schedules filed |
| 11-27189 | 5/17/2011 | 13 | Utah | 7/6/2011 | Failure to File Information | 0 | $47,857.96 (Proof of claim 1-1) |
| 12-27579 | 6/11/2012 | 13 | Utah | 11/1/2012 | Dismissed at confirmation hearing | 1/4 | $86,879.70 (Proof of claim 9-1) |
| 13-26365 | 6/4/2013 | 13 | Utah | 7/15/2013 | Failure to File Information | 0 | Unknown, no claims or schedules filed |
| 13-30375 | 9/10/2013 | 13 | Utah | 4/16/2014 | Dismissed at Confirmation Hearing | 3/6 | $136,005.53 (Proof of Claim 11-1) |
| 16-22189 | 3/21/2016 | 13 | Utah | N/A | Current Case | 0/1 | Appx. $150,000.00 (Chapter 13 Plan, Docket 15). |

9. As of the date of this motion, the Debtor has not commenced making plan payments.

10. As the Debtor has a history of failing to make ongoing plan payments to the Trustee, it would appear as though he is not using the bankruptcy code as a means to reorganize and that he is abusing the bankruptcy process.

3

11. The Debtor has repeatedly filed for bankruptcy protection to prevent foreclosure sales and retain possession of his scheduled real property.

12. A foreclosure sale was scheduled for August 28, 2014 at 1:00 P.M. It appears that this sale was cancelled. (Exhibit A).

13. A foreclosure sale was scheduled for March 21, 2016. The Debtor filed the current case on March 21, 2016. ("Exhibit B")

14. In the past 5 years, the arrears on the Debtor's real property has increased from approximately $45,000.00 to approximately $150,000.00.

## MEMORANDUM

1. Dismissal with prejudice under §109(g)

The Trustee moves to dismiss the Debtor's case with prejudice under §109(g). The purpose of § 109(g) is to "balance the scales more fairly by providing the courts with greater authority to control abusive multiple filings by individual debtors." [1] In order to dismiss a case with prejudice under § 109(g), the movant must show (1) the Debtor failed to abide by an order of the court or failed to appear before the court in proper prosecution of the case, and (2) that such failure was willful. The term "willful" in the § 109(g) context means intentional, knowing and deliberate behavior.[2] Conduct is "willful" within the meaning of § 109(g) when the Debtor has notice of the responsibility to act, and the Debtor intentionally engaged in conduct that resulted in a failure to fulfill that responsibility.[3] Courts may review the Debtor's conduct in prior bankruptcies to determine the whether the totality of the circumstances results in "willful failure" as repeated conduct can give rise to the court inferring that the Debtor's actions were

---

[1] In re Fulton, 52 B.R. 627, 630 (Bankr. D. Utah 1985) (citations omitted).
[2] Id. at 633.
[3] In re Tilson, Ch 13 Case No. 03-22735, Order Dismissing Case (docket 18) entered June 10, 2003. (http://www.utb.uscourts.gov/localOpinions/opinions/437opin.pdf)

4

deliberate.[4] The term "appear" is more than a physical presence at a hearing at court and "includes, among other things, being represented at non-court hearings related to a case or filing papers in the case."[5] The code does not define "proper prosecution of a case", but any definition logically includes "compliance with various statutory duties the Debtor must perform including those outlined in §§ 341, 521, 1304, 1321, 1322, 1326, the Federal Rules of Civil and Bankruptcy Procedures and this Court's Local Rules."[6]

The Trustee requests that this Court dismiss the case under § 109(g) with a 180-day lockout against subsequent filings by Mr. Brimley.

The Debtor's prior bankruptcies and his repeated conduct of not making ongoing plan payments and not prosecuting his cases indicate that the Debtor's conduct in this bankruptcy is deliberate and willful. This is the Debtor's sixth bankruptcy petition, and he should understand the responsibility to propose a feasible plan, timely make payments, and to comply with court orders. Mr. Brimley is not using the bankruptcy code as a means to reorganize, but rather is abusing the process. As such, dismissal under § 109(g) with the prohibition that the Debtor cannot file another bankruptcy petition for 180 day is warranted.

2. <u>Barring Discharge Of Current Debts In Any Future Case Under § 349(a).</u>

Section 349(a) provides:

> Unless the court, for cause, orders otherwise, the dismissal of a
> case under this title does not bar the discharge, in a later case under
> this title, of debts that were dischargeable in the case dismissed;
> nor does the dismissal of a case under this title prejudice the debtor
> with regard to the filing of a subsequent petition under this title,

---

[4] <u>Fulton</u> at 634.
[5] <u>In re Sink</u>, Ch 13 Case No. 02-40042, Memorandum Decision and Order Granting Motion to Dismiss Case with Prejudice (docket 20) entered February 28, 2003. (http://www.utb.uscourts.gov/localOpinions/opinions/434opin.pdf)
[6] <u>Id.</u>

5

except as provided in section 109(g) of this title.

A court must find "cause" to dismiss a bankruptcy case with prejudice and bar the future discharge of the petitioner's scheduled debts. Dismissal with prejudice must be premised on "bad faith conduct that is prejudicial to a creditor."[7]

Cause exists under § 349(a) if the Court determines the Debtor has demonstrated bad faith or defiance and that the conduct was prejudicial or abusive to creditors.[8] Bad faith is determined on a case by case review of the totality of the circumstances.[9] Barring future discharge of debts requires more than mere bad faith and must show evasion or defiance towards prosecution of the bankruptcy case.[10] In Norton, the *pro se* Debtor filed nine petitions over eight years and never filed the Statement of Financial Affairs, Schedules, Plan, attend a 341 Meeting of Creditors nor tender a plan payment and the Court found her repeated filings were for the sole purpose of delay rather than reorganization.[11] The facts in this case mimic Norton and it appears that the Mr. Brimley's sole purpose for filing is to delay creditors.

Prejudice to creditors exists when creditors are delayed in pursing their contractual remedies either by repeated filings or proposal of a plan that has no ability to be consummated.[12] Serial filings not only denies creditors of their collection rights, but allows debtors to use the bankruptcy code as a sword rather than a shield as was intended.[13]

Here, Mr. Brimley's conduct warrants a denial of discharge in future cases of his current

---

[7] In re Frieouf v. U.S., 938 F.2d 1099, 1104.
[8] In re Norton, 319 B.R. 671 (Bankr. D. Utah 2005).
[9] Gier v. Farmers State Bank of Lucas, Kansas (In re Gier), 986 F.2d 1326, 1328 (10th Cir. 1993). See also Flygare v. Boulden, 709 F.2d 1344, 1347-8 (10th Cir. 1983)(whether a plan is filed in good faith).
[10] Norton at 682-683.
[11] Id. at 683.
[12] Frieouf at 1104.
[13] Norton at 683.

6

debts. The Debtor's conduct in this case, as well as in his 5 previous cases, is indicative of bad faith based on a continuing course of conduct with failure to make ongoing plan payments, file the proper initial statements and schedules, or repay creditors. In total, the Debtor has enjoyed years of protection from his creditors under the automatic stay while evidencing no intent to repay his creditors, which is the purpose of a Chapter 13 filing. The history of non-prosecution in his bankruptcy cases indicates that the Debtor is not attempting to reorganize but rather to frustrate his creditors and to use the bankruptcy system as an offensive sword. The Debtor's conduct warrants and justifies a finding that all of the Debtor's debts incurred prior to the current filing date-March 21, 2016-be deemed non-dischargeable in any subsequent case The Debtor may file.

3.     Dismissal with Prejudice in rem as to the Real Property

The Trustee requests the Court order the case be dismissed with prejudice in rem and that any filing of bankruptcy on the property address of 1388 West Skyscape Way, South Jordan, UT 84095, parcel number 27-22-277-009, with a legal description of LOT 6, JORDAN MEADOWS AT SOUTH JORDAN SUBDIVISION, ACCORDING TO THE OFFICIAL PLAT THEREOF RECORDED IN THE OFFICE OF THE SALT LAKE COUNTY RECORDER, be disallowed for a period of no less than 2 years. Section 362(d)(4) provides for in rem if the Court finds the filing of a petition was part of scheme to delay, hinder, or defraud creditors that involved multiple filing of such real property. Although § 362(d)(4) is often requested by a creditor, it could be awarded when requested by the Trustee under the Court's powers articulated in § 105(a).

In rem relief against the Property under §362(d)(4) is warranted because the Debtor has abused the bankruptcy process. The Debtor has filed multiple bankruptcy cases, and has listed the Property in each filing. The Debtor had staggered his filings to avoid action from the creditors, and to ensure that the automatic stay comes into effect in each case. The Debtor has made no attempt to repay his arrears in the five prior petitions. Thus, it appears that in rem relief is warranted.

4. Additional Relief Under § 105(a).

Section 105 gives Bankruptcy Courts broad equitable powers to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code or prevent an abuse of process,[14] and to specifically address instances of bad-faith, serial filings (s*ee United States v. Boulware*, 604 F.3d 832 (4th Cir. 2010); *Dempsey v. Carter*, No. 07-1042, 2007 WL 2478674 (7th Cir. 2007) (unpublished); *In re Ellsworth*, 455 B.R. 904, 921-22 (B.A.P. 9th Cir. 2011); *In re Cusano*, 431 B.R. 726, 735-37 (B.A.P. 6th Cir. 2010); *In re Marshall*, 407 B.R. 359, 363 (B.A.P. 8th Cir. 2009);and *In re Gonzalez-Ruiz*, 341 B.R. 371, 386 (B.A.P. 1st Cir. 2006)). The Trustee moves this Court to use this discretionary power to ensure that this Debtor is prohibited from further abuses of the bankruptcy process.

**CONCLUSION**

The Trustee requests that the Debtor's case be dismissed under § 109(g), that any debts incurred prior to March 21, 2016 be deemed non-dischargeable in any future bankruptcy case under § 349(a), that a 2 year bar to refiling be ordered on the property address 1388 West Skyscape Way, South Jordan, UT 84095, parcel number 27-22-277-009, legal description of

---

[14] Marrama v. Citizen Bank of Massachusetts, 549 U.S. 365 (2007).

LOT 6, JORDAN MEADOWS AT SOUTH JORDAN SUBDIVISION, ACCORDING TO THE OFFICIAL PLAT THEREFO RECORDED IN THE OFFICE OF THE SALT LAKE COUNTY RECORDER under §362(d)(4), and any other relief the Court deems necessary to prevent further abuse of the bankruptcy process under §105.

DATED: May 2, 2016.

        Brian J. Porter /s/
Lon A. Jenkins, Esq.
Tami Gadd-Williardson, Esq.
Ryan C. Cadwallader, Esq.
Brian J. Porter, Esq.
Office of Standing Chapter 13 Trustee

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 2, 2016, a true and correct copy of the foregoing paper was addressed to the following persons and deposited in the U.S. Mail, first-class postage prepaid.

    CURTIS J. BRIMLEY
    1388 WEST SKYSCAPE WAY
    SOUTH JORDAN, UT 84095

    ERIC C. SINGLETON  ECF Notification

    /s/    Kristen Ott
Office Chapter 13 Trustee

# Exhibit A




| Home | Browse | Alerts | Events | Contact |

Search: All Newspapers ▼ for 1388

Show / Hide Newspaper View

## TRUSTEE'S SALE

NOTICE OF
TRUSTEE'S SALE
The following described property will be sold at public auction to the highest bidder, payable in lawful money of the United States at the East Main Entrance (Rotunda) of the Scott M. Matheson Salt Lake County Courthouse, 450 South State Street, Salt Lake City, Utah, on August 28, 2014 at 1:00 PM, for the purpose of foreclosing a Trust Deed dated August 21, 2006 executed by Curtis J. Brimley, as Trustor, in favor of Mortgage Electronic Registration Systems, Inc., as Beneficiary, covering real property located in Salt Lake County and described as follows:
LOT 6, JORDAN MEADOWS AT SOUTH JORDAN SUBDIVISION, ACCORDING TO THE OFFICIAL PLAT THEREOF RECORDED IN THE OFFICE OF THE SALT LAKE COUNTY RECORDER.
Tax Parcel No.: 27-22-277-009
The street address of the property is purported to be 1388 West Skyscape Way, South Jordan, UT 84095. The undersigned disclaims any liability for any error in the street address. The current Beneficiary of the trust deed is Deutsche Bank National Trust Company, as Trustee under the Pooling and Servicing Agreement Relating to IMPAC Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2006-3 and the record owners of the property as of the recording of this notice of default is reported to be Curtis J. Brimley. Bidders must be prepared to tender to the Trustee $10,000.00 in the form of a cashier's check or money order(s) at the sale and the balance of the purchase price by 12:00 noon the day following the sale. The balance may be in the form of a cashier's check, money order(s), or wire transfer. Cash and bank official checks are not acceptable. A trustee's deed will be made available to the successful bidder within three business days following receipt of the bid amount. Receipt of the bid amount being defined as the date tendered funds "clear" the Trustee's trust account. The sale is made without any warranty whatsoever, including but not limited to any warranty as to title, liens, possession, taxes, encumbrances, or condition of the property. The sale is subject to a workout reinstatement, payoff, sale cancellation or postponement, incorrect bidding instructions, bankruptcy, or any other circumstance of which the Trustee is unaware. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee, the Mortgagee's attorney, or the Trustee.
NOTICE IS HEREBY GIVEN THAT THIS FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
Dated July 21, 2014.
Armand J. Howell,
Successor Trustee
Matheson & Howell
P.C.
648 East First South
Salt Lake City,
Utah 84102
(801) 363-2244
Office Hours 8:30 am
to 4:30 pm, Mon.-Fri.
MMOJ File
No.: 024853m
Date of first publication July 25, 2014 - 8-8-2014
(8/31/14)

# Exhibit B



- Home
- Browse
- Alerts
- Events
- Contact

Search: All Newspapers for

Show / Hide Newspaper View

### TRUSTEE'S SALE

NOTICE OF
TRUSTEE'S SALE
The following property will be sold at public auction to the highest bidder without warranty, in the Southeast portion of the Rotunda, at the East main entrance of the Scott M. Matheson Courthouse, 450 South State Street, Salt Lake City, Utah, on 3/21/16 at 09:45 AM, for the purpose of foreclosing a Trust Deed executed by Curtis J. Brimley, as Trustor, in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Meridias Capital, Inc., its successors and assigns, recorded on 8/23/06, as Entry # 9821645, covering real property purportedly known as 1388 West Skyscape Way, South Jordan, UT 84095, and more particularly described as:
Lot 6, JORDAN MEADOWS AT SOUTH JORDAN SUBDIVISION, according to the Official Plat thereof recorded in the office of the Salt Lake County Recorder. TAX # 27-22-277-009.
Deutsche Bank National Trust Company, as Trustee under the Pooling and Servicing Agreement relating to IMPAC Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2006-3
is the current Beneficiary of the Trust Deed. Record owners of the property as of the recording of the Notice of Default are reported to be Curtis J. Brimley and Tricia L. Brimley.
Highest bidder must tender to Trustee a $20,000 deposit in certified funds/cashier\'s check at time of sale. Deposit is non-refundable and retained as damages if balance not paid within 24 hours of sale. Trustee disclaims liability for any error in the street address shown herein. Trustee may void sale due to any unknown facts at time of sale that would cause the cancellation of the sale. If sale is voided, Trustee shall return funds to bidder, and the Trustee and Beneficiary shall not be liable to bidder for any damages. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Beneficiary, Trustor, Trustee or the Trustee\'s attorney. This is an attempt to foreclose a security instrument and any information obtained will be used for that purpose.
Dated: 2/17/16.
Armand J. Howell,
Trustee,
376 E 400 S,
Ste 300,
SLC, UT 84111,
PH 801-355-2886,
Office Hours: M-F:
8am - 5pm,
H/W # 024853-AH
Date of first publication February 18, 2016 - 3-3-2016
(3/25/16)

Newspaper Administration